﻿Citation Nr: AXXXXXXXX
Decision Date: 05/21/19 Archive Date: 05/21/19

DOCKET NO. 180913-389
DATE: May 21, 2019

ORDER

Service connection for right ear hearing loss is denied.

Service connection for left ear hearing loss is denied.

Service connection for gout is denied.

Service connection for hypertension is denied.

Service connection for coronary artery disease (CAD) status post myocardial infarction as due to hypertension is denied.

Service connection for residuals of a cerebrovascular accident (CVA) as due to hypertension is denied.

Service connection for residuals of concussion is denied.

Service connection for a right shoulder disorder is denied.

Service connection for scar on the back of head is denied.

FINDINGS OF FACT

1. The Veteran does not have a current disability of right or left ear hearing loss for VA compensation purposes.

2. The Veteran is currently diagnosed with gout; symptoms of gout were not chronic in service, were not continuous since service separation, and did not manifest to a compensable degree within one year of service separation; the current gout is not otherwise etiologically related to active service.

3. The Veteran is currently diagnosed with hypertension; symptoms of hypertension were not chronic in service, were not continuous since service separation, and did not manifest to a compensable degree within one year of service separation; the current hypertension is not otherwise etiologically related to active service.

4. The Veteran is currently diagnosed with CAD; symptoms of CAD were not chronic in service, were not continuous since service separation, and did not manifest to a compensable degree within one year of service separation; the current CAD is not otherwise etiologically related to active service.

5. The Veteran is currently diagnosed with residuals of a stroke (CVA); symptoms of stroke residuals were not chronic in service, were not continuous since service separation, and did not manifest to a compensable degree within one year of service separation; the current stroke residuals are not otherwise etiologically related to active service.

6. The Veteran is not currently diagnosed with residuals of a concussion.

7. The Veteran is not currently diagnosed with a right shoulder disorder.

8. The Veteran is not currently diagnosed with a scar on the back of the head.

CONCLUSIONS OF LAW

1. The criteria for service connection for right ear hearing loss have not been met. 38 U.S.C. §§ 1112, 1131, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.326, 3.385.

2. The criteria for service connection for left ear hearing loss have not been met. 38 U.S.C. §§ 1110, 1112, 1131, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.326, 3.385.

3. The criteria for service connection for gout have not been met. 38 U.S.C. §§ 1112, 1131, 1137, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a)-(b), (d), 3.307, 3.309(a).

4. The criteria for service connection for hypertension have not been met. 38 U.S.C. §§ 1112, 1131, 1137, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a)-(b), (d), 3.307, 3.309(a).

5. The criteria for service connection for CAD have not been met. 38 U.S.C. §§ 1112, 1131, 1137, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a)-(b), (d), 3.307, 3.309(a).

6. The criteria for service connection for residuals of a stroke have not been met. 38 U.S.C. §§ 1112, 1131, 1137, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a)-(b), (d), 3.307, 3.309(a).

7. The criteria for service connection for residuals of a concussion have not been met. 38 U.S.C. §§ 1131, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304.

8. The criteria for service connection for a right shoulder disorder have not been met. 38 U.S.C. §§ 1131, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304.

9. The criteria for service connection for a scar on the back of the head have not been met. 38 U.S.C. §§ 1131, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran, who is the appellant, served on active duty from August 1987 to July 1990.

The Board notes that the rating decision on appeal was issued in December 2017. In June 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the July 2018 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested review of the evidence considered by the Agency of Original Jurisdiction (AOJ) with additional evidence submission within 90 days of the September 2018 appeal to the Board.

Evidence was added to the claims file during a period of time when new evidence was not allowed; therefore, the Board may not consider this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). The Veteran may file a Supplemental Claim and submit or identify this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in service disease or injury and the current disability. 

With any claim for service connection (under any theory of entitlement), it is necessary for a current disability to be present. See Brammer v. Derwinski, 3 Vet. App. 223 (1992); see also McClain v. Nicholson, 21 Vet. App. 319 (2007) (service connection may be warranted if there was a disability present at any point during the claim period, even if it is not currently present); Romanowsky v. Shinseki, 26 Vet. App. 289 (2013) (when the record contains a recent diagnosis of disability immediately prior to a veteran filing a claim for benefits based on that disability, the report of diagnosis is relevant evidence that the Board must address in determining whether a current disability existed at the time the claim was filed or during its pendency).

Service connection may also be granted for a disability that is proximately due to or the result of a service-connected disability. See 38 C.F.R. § 3.310(a). When service connection is thus established for a secondary condition, the secondary condition shall be considered a part of the original condition. See id.; Harder v. Brown, 5 Vet. App. 183, 187 (1993). The controlling regulation has been interpreted to permit a grant of service connection not only for disability caused by a service connected disability, but for the degree of disability resulting from aggravation of a non-service-connected disability by a service-connected disability. See Allen v. Brown, 7 Vet. App. 439, 448 (1995). In other words, service connection may be granted for a disability found to be proximately due to, or the result of, a service-connected disease or injury. To prevail on the issue of secondary service causation, the record must show (1) evidence of a current disability, (2) evidence of a service-connected disability, and (3) medical nexus evidence establishing a connection between the current disability and the service connected disability. Wallin v. West, 11 Vet. App. 509, 512 (1998); Reiber v. Brown, 7 Vet. App. 513, 516-17 (1995).

The Veteran is currently diagnosed with gout (as arthritis), hypertension, CAD, and stroke residuals (as a brain hemorrhage), which are listed as “chronic diseases” under 38 C.F.R. § 3.309(a); therefore, the presumptive provisions of 38 C.F.R. § 3.303(b) for “chronic” in-service symptoms and “continuous” post service symptoms apply. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Where the evidence shows a “chronic disease” in service or “continuity of symptoms” after service, the disease shall be presumed to have been incurred in service. For the showing of “chronic” disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease as such in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. If a condition noted during service is not shown to be chronic, then generally, a showing of “continuity of symptoms” after service is required for service connection. 38 C.F.R. § 3.303(b).

Additionally, where a veteran served ninety days or more of active service, and certain chronic diseases, such as arthritis, hypertension, CAD, and brain hemorrhages, become manifest to a degree of 10 percent or more within one year after the date of separation from such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 C.F.R. §§ 3.307, 3.309(a). While the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. Id.

1. Service connection for right ear hearing loss

2. Service connection for left ear hearing loss

The Veteran generally seeks service connection for right and left ear hearing loss. See August 2017 VA Form 21-526EZ.

For VA purposes, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz (Hz) is 40 decibels (dB) or greater, the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, and 4000 Hz are 26 dB or greater, or speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. Additionally, the Court has held that “the threshold for normal hearing is from 0 to 20 dBs [decibels], and higher threshold levels indicate some degree of hearing loss.” See Hensley v. Brown, 5 Vet. App. 155, 157 (1993).

After a review of all the evidence of record, lay and medical, the Board finds that the weight of the evidence shows the Veteran does not have a current right or left ear hearing loss disability as defined by VA regulatory criteria under 38 C.F.R. § 3.385. An October 2017 VA audiometric examination report shows pure tone thresholds and speech recognition scores, in both ears, did not meet the auditory thresholds required under 38 C.F.R. § 3.385.

In evaluating a service connection claim, evidence of a current disability is an essential element, and, where not present, the claim under consideration cannot be substantiated. See Moore v. Nicholson, 21 Vet. App. 211, 215 (2007), citing Francisco v. Brown, 7 Vet. App. 55, 58 (1994) (“[c]ompensation for service connected injury is limited to those claims which show a present disability”). The Court held in Brammer v. Derwinski that “Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a disability. In the absence of proof of a present disability there can be no valid claim.” Brammer, 3 Vet. App. at 225; see Rabideau v. Derwinski, 2 Vet. App. 141, 143 44 (1992); see also McClain, 21 Vet. App. 319; Romanowsky, 26 Vet. App. 289. Because a right or left ear hearing loss disability as defined by the VA regulatory criteria at 38 C.F.R. § 3.385 is not demonstrated in this case, service connection for right and left ear hearing loss must be denied. 

3. Service connection for gout

The Veteran asserts that service connection for gout is warranted as he was treated for gout during and shortly following service separation. See August 2017 VA Form 21-256EZ; September 2018 Statement. An August 2016 private treatment record reflects a diagnosis of gout.

After a review of all the evidence or record, lay and medical, the Board finds that the current gout did not have its onset during service, and is not otherwise caused by, service. Service treatment records do not show any complaints, symptoms, diagnosis, or treatment for gout, including no chronic symptoms of gout during service. The July 1990 service separation examination report shows the Veteran’s upper and lower extremities, spine, and other musculoskeletal systems were found to be clinically normal. Additionally, on a corresponding July 1990 Report of Medical History, the Veteran denied symptoms such as arthritis, rheumatism, or bursitis, and bone, joint, or other deformity. As such, the above evidence does not demonstrate chronic symptoms of gout during service.

The lay and medical evidence weighs against a finding of continuous symptoms of gout since service separation; therefore, presumptive service connection under the provisions of 38 C.F.R. § 3.303(b) is not warranted based on either “chronic” in-service or “continuous” post service symptoms. As discussed above, neither the service treatment records nor the July 1990 service separation examination indicated any history or findings or diagnosis for gout. The earliest evidence of gout is not indicated until 2016 in the August 2016 private treatment record showing the Veteran had been diagnosed with gout, over 26 years after service separation and 25 years outside of the applicable presumptive period. 

On the question of direct nexus between the current gout and service, the Board finds that the preponderance of the lay and medical evidence is against a finding that the currently diagnosed gout is causally related to service. The weight of the evidence shows that gout had its onset after active service, that the Veteran was not treated for gout until after service, and was not diagnosed with gout until August 2016.

As the evidence of record does not contain a competent medical opinion establishing a medical nexus between the current gout and an injury, disease, or event during service, the Board finds that the weight of the evidence is against service connection for gout, and the claim must be denied.

4. Service connection for hypertension

The Veteran generally seeks service connection for hypertension. See August 2017 VA Form 21-256EZ. VA and private treatment records throughout the relevant claim period on appeal show the Veteran is currently diagnosed with hypertension. See e.g. April 2019 VA treatment record.

After a review of all the evidence or record, lay and medical, the Board finds that the current hypertension did not have its onset during service, and is not otherwise caused by, service. Service treatment records do not show any complaints, symptoms, diagnosis, or treatment for hypertension, including no chronic symptoms of hypertension during service. The July 1990 service separation examination report shows the Veteran’s heart and vascular system were found to be clinically normal and his blood pressure was measured to be within normal limits at 110/70. Additionally, on a corresponding July 1990 Report of Medical History, the Veteran denied symptoms of high or low blood pressure. As such, the above evidence does not demonstrate chronic symptoms of hypertension during service.

The lay and medical evidence weighs against a finding of continuous symptoms of hypertension since service separation; therefore, presumptive service connection under the provisions of 38 C.F.R. § 3.303(b) is not warranted based on either “chronic” in-service or “continuous” post service symptoms. As discussed above, neither the service treatment records nor the July 1990 service separation examination indicated any history or findings or diagnosis for hypertension. The earliest evidence of hypertension is not indicated until 2001 in a November 2001 VA treatment record showing the Veteran was found to have elevated blood pressure and that he denied ever being treated for or having hypertension. The earliest evidence of a hypertension diagnosis appears in a June 2002 VA treatment record, nearly 12 years after service separation and 11 years outside of the applicable presumptive period.

On the question of direct nexus between the current hypertension and service, the Board finds that the preponderance of the lay and medical evidence is against a finding that the currently diagnosed hypertension is causally related to service. The weight of the evidence shows that hypertension had its onset after active service, that the Veteran was not treated for hypertension until after service, and was not diagnosed with hypertension until June 2002.

As the evidence of record does not contain a competent medical opinion establishing a medical nexus between the current hypertension and an injury, disease, or event during service, the Board finds that the weight of the evidence is against service connection for hypertension, and the claim must be denied.

5. Service connection for coronary artery disease status post myocardial infarction

The Veteran asserts that coronary artery disease status post myocardial infarction was proximately caused by the non-service-connected hypertension. See August 2017 VA Form 21-256EZ. Initially, the Board finds the Veteran is currently diagnosed with CAD, status post myocardial infarction. See May 2018 private treatment record.

After a review of all the evidence or record, lay and medical, the Board finds that the current CAD did not have its onset during service, and is not otherwise caused by, service. Service treatment records do not show any complaints, symptoms, diagnosis, or treatment for CAD, including no chronic symptoms of CAD during service. The July 1990 service separation examination report shows the Veteran’s heart was found to be clinically normal. Additionally, on a corresponding July 1990 Report of Medical History, the Veteran denied symptoms such as pain or pressure in chest, palpitation or pounding heart, and heart trouble. As such, the above evidence does not demonstrate chronic symptoms of CAD during service.

The lay and medical evidence weighs against a finding of continuous symptoms of gout since service separation; therefore, presumptive service connection under the provisions of 38 C.F.R. § 3.303(b) is not warranted based on either “chronic” in-service or “continuous” post service symptoms. As discussed above, neither the service treatment records nor the July 1990 service separation examination indicated any history or findings or diagnosis for CAD. See e.g. November 2005 VA treatment record (normal cardiac examination); March 2006 VA treatment record (normal cardiac examination); March 2007 VA treatment record (normal cardiac examination); June 2010 VA treatment record (normal cardiac examination). The earliest evidence of CAD is not indicated until 2014 in a March 2014 private treatment record showing the Veteran underwent cardiac catherization; the March 2014 private treatment record reflects the Veteran had no prior history of CAD until he was diagnosed with CAD during that visit, nearly 24 years after service separation and 23 years outside of the applicable presumptive period. 

On the question of direct nexus between the current CAD and service, the Board finds that the preponderance of the lay and medical evidence is against a finding that the currently diagnosed CAD is causally related to service. The weight of the evidence shows that CAD had its onset after active service, that the Veteran was not treated for CAD until after service, and was not diagnosed with CAD until March 2014.

Although the Veteran asserts that the current CAD is proximately caused by the non-service-connected hypertension, secondary service connection for CAD due to hypertension is a legal impossibility. See 38 C.F.R. §§ 3.310 (secondary to a service connected disability), 4.14. As the evidence of record does not contain a competent medical opinion establishing a medical nexus between the current CAD and an injury, disease, or event during service, the Board finds that the preponderance of the evidence is against the Veteran’s claim of service connection for CAD on a direct, presumptive, or any other basis, and the claim must be denied. 

6. Service connection for residuals of a stroke 

The Veteran asserts that a stroke suffered in April 2017 is proximately caused by the non-service-connected hypertension. See August 2017 VA Form 21-256EZ. An April 2017 private treatment record shows the Veteran was admitted to the hospital after suffering a CVA.

After a review of all the evidence or record, lay and medical, the Board finds that stroke residuals did not have its onset during service, and is not otherwise caused by, service. Service treatment records do not show any complaints, symptoms, diagnosis, or treatment for a stroke or stroke residuals, including no chronic symptoms of a brain hemorrhage during service. The July 1990 service separation examination report shows the Veteran’s head and neurologic system were found to be clinically normal. Additionally, on a corresponding July 1990 Report of Medical History, the Veteran denied symptoms such as dizziness or fainting spells, lameness, and paralysis. As such, the above evidence does not demonstrate chronic symptoms of a brain hemorrhage during service.

The lay and medical evidence weighs against a finding of continuous symptoms of a brain hemorrhage since service separation; therefore, presumptive service connection under the provisions of 38 C.F.R. § 3.303(b) is not warranted based on either “chronic” in-service or “continuous” post service symptoms. As discussed above, neither the service treatment records nor the July 1990 service separation examination indicated any history or findings or diagnosis for a brain hemorrhage. The earliest evidence of a brain hemorrhage is not indicated until 2017 in the April 2017 private treatment record showing the Veteran suffered a stroke, nearly 27 years after service separation and 26 years outside of the applicable presumptive period. 

On the question of direct nexus between the current stroke residuals and service, the Board finds that the preponderance of the lay and medical evidence is against a finding that the currently diagnosed stroke residuals are causally related to service. The weight of the evidence shows that the stroke had its onset after active service, that the Veteran was not treated for a stroke until after service, and was not diagnosed with a CVA until April 2017.

Although the Veteran asserts that the current stroke residuals are proximately caused by the non-service-connected hypertension, secondary service connection for stroke residuals due to hypertension is a legal impossibility. See 38 C.F.R. §§ 3.310 (secondary to a service connected disability), 4.14. As the evidence of record does not contain a competent medical opinion establishing a medical nexus between the current stroke residuals and an injury, disease, or event during service, the Board finds that the preponderance of the evidence is against the Veteran’s claim of service connection for stroke residuals on a direct, presumptive, or any other basis, and the claim must be denied. 

7. Service connection for residuals of concussion

The Veteran generally seeks service connection for residuals of a concussion. See August 2017 VA Form 21-526EZ.

After a review of all the lay and medical evidence of record, the Board finds that the weight of the evidence demonstrates that the Veteran is not currently diagnosed with residuals of a concussion. VA and private treatment records throughout the relevant claim period on appeal do not reflect any complaints, treatment, or diagnosis for residuals of a concussion. Additionally, service treatment records do not reflect any complaints, treatment, or diagnosis for a head injury or a concussion. Because the weight of the evidence demonstrates the Veteran is not currently diagnosed with residuals of a concussion, the claim for service connection for residuals of a concussion must be denied.

8. Service connection for a right shoulder disorder

The Veteran generally seeks service connection for a right shoulder disorder. See August 2017 VA Form 21-526EZ.

After a review of all the lay and medical evidence of record, the Board finds that the weight of the evidence demonstrates that the Veteran is not currently diagnosed with a right shoulder disability. VA and private treatment records throughout the relevant claim period on appeal do not reflect any complaints, treatment, or diagnosis for a right shoulder disorder. Instead, private treatment records show the upper extremities were repeatedly found to have full range of motion without muscle weakness or deformities and ambulation in the extremities were appropriate to the Veteran’s age. See e.g. May 2015 private treatment record; March 2017 private treatment record. Because the weight of the evidence demonstrates the Veteran is not currently diagnosed with a right shoulder disorder, the claim for service connection for a right shoulder disorder must be denied.

9. Service connection for scar on the back of the head

The Veteran generally seeks service connection for a scar on the back of the head. See August 2017 VA Form 21-526EZ.

(Continued on the next page)

 

After a review of all the lay and medical evidence of record, the Board finds that the weight of the evidence demonstrates that the Veteran is not currently diagnosed with a scar on the back of the head. VA and private treatment records throughout the relevant claim period on appeal do not reflect any complaints, treatment, or diagnosis for a scar on the back of the head. Additionally, service treatment records do not reflect any complaints, treatment, or diagnosis for a head injury or a scar on the back of the head. Because the weight of the evidence demonstrates the Veteran is not currently diagnosed with a scar on the back of the head, the claim for service connection for a scar on the back of the head must be denied.

 

J. PARKER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD E. Choi, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.